UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ALLEN CAIN,<br><br>Defendant. | NO: 2:16-CR-69-RMP<br>     2:16-CR-176-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss, ECF No. 47 in 2:16-CR-69-RMP (ECF No. 32 in 2:16-CR-176-RMP).[1] The Court has reviewed the motion, the record, and is fully informed.

Defendant argues that the Government has violated his right to a speedy trial, as guaranteed by the Sixth Amendment of the U.S. Constitution. ECF No. 47. Defendant was indicted in the first federal case, 2:16-CR-69-RMP, on April

---

[1] Unless otherwise noted, the Court cites to the ECF numbers of the documents filed in Case No. 2:16-CR-69-RMP.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

20, 2016, and in 2:16-CR-176-RMP on October 18, 2016, but Defendant was not arraigned until December 2, 2016. Therefore, he did not appear before a judicial officer of the U.S. District Court for the Eastern District of Washington until December 2, 2016.

Just over a month later, on January 5, 2017, Defendant filed a motion seeking a continuance of at least sixty days. *See* ECF No. 37. One month later, along with his motion to dismiss, Defendant requested that the trial be reset for a month later, during a time period when a critical Government witness is unavailable. The Court granted Defendant's request to reset the trial date, but set it for May 22, 2017, to accommodate the Government's witness. *See* ECF No. 54.

The Speedy Trial Act states in relevant part that

> the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c). As stated in the Court's prior orders granting continuances that were requested by the parties, the resulting delays are accounted for by 18 U.S.C. § 3161 and do not count against the seventy-day time period. *See* ECF Nos. 43 and 54. Therefore, Defendant's rights pursuant to the Speedy Trial Act have not been violated. However, Defendant asserts a violation of his Sixth Amendment right to a speedy trial, not his rights under the Speedy Trial Act.

The United States Supreme Court has stated that

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

> [d]epending on the nature of the charges, the lower courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year. *See* 2 W. LaFave & J. Israel, CRIMINAL PROCEDURE § 18.2, p. 405 (1984); Joseph, *Speedy Trial Rights in Application*, 48 FORD.L.REV. 611, 623, n. 71 (1980) (citing cases). We note that, as the term is used in this threshold context, "presumptive prejudice" does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry. *Cf.* Uviller, *Barker v. Wingo: Speedy Trial Gets a Fast Shuffle*, 72 COLUM.L.REV. 1376, 1384-1385 (1972).

*Doggett v. United States*, 505 U.S. 647, 652 [] (1992). The *Barker* inquiry is a four-factor balancing test used to assess the merits of Defendant's Sixth Amendment speedy trial claim; the factors to be considered are "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant." *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Defendant's federal trial date was initially set for February 6, 2017, a date that was well within a year of when Defendant was subject to the first federal indictment, and just over two months after he first appeared in front of a "judicial officer of the court in which such charge is pending." However, now that the trial has been moved to May 22, 2017, just over one year has transpired since Defendant was first indicted in case number 2:16-CR-69-RMP and seven months have passed since Defendant was indicted in case number 2:16-CR-176-RMP.

Therefore, sufficient time has passed to invoke the analysis of the pre-trial delay pursuant to *Barker*.

**(1) The length of the delay**

"Under the Sixth Amendment, delay is measured from 'the time of the indictment to the time of trial.'" *United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003) (quoting *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989)). As stated above, the delay between the indictments and Defendant's trial date equates to thirteen months and seven months, respectively. Although these delays are sufficient for the Court to proceed with the analysis of the other *Barker* factors, this factor only slightly weighs in Defendant's favor, as the delays are not exceedingly long under the circumstances (as discussed in further detail below).

**(2) The reason for the delay**

Although Defendant faces relatively uncomplicated federal charges, prior to his appearance in federal court, Defendant faced serious state charges of First Degree Assault and Drive-By Shooting, and the state proceedings were stayed from July 15, 2015, until October 3, 2016, while Defendant was evaluated to determine his competency to stand trial. *See* ECF No. 55 at 2-3.

On the first day of his state trial, November 28, 2016, Defendant pleaded guilty to lesser charges and was sentenced to twenty-four months with credit for 237 days. *Id*. at 3. Two days later, a federal magistrate issued an Order for a Writ

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

of Habeas Corpus Ad Prosequendum and Defendant was arraigned on both federal indictments within a week. *See id*.

Defendant accurately states that the Court must determine whether the Government justifiably waited until the conclusion of a state matter before proceeding with a federal prosecution on an *ad hoc* basis. *See* ECF No. 47 at 10. Accordingly, the Court has considered the unique circumstances of Defendant's various criminal proceedings. Although the state courthouse and the Spokane County Jail are both within a mile of the U.S. District Courthouse located in Spokane, Washington, during the pendency of his state charges, Defendant was transported to Eastern State Hospital and his competency was in question for a matter of weeks. *See id*. The Government also stated that its determination of whether or not to proceed with the federal matters depended in part on the outcome of Defendant's state charges.

Following Defendant's arraignment in federal court, the Government has proceeded against Defendant without any unnecessary delay. As stated previously, Defendant's trial date was initially set for February 2, 2017, which is just over two months after Defendant was arraigned. The delays after that date were the result of the Court's accommodating defense counsel's requests to extend the trial date and the need to set the trial for a date when the Government's key witness could be available. *See* ECF Nos. 43 and 54.

The Court finds that under the particular circumstances of this case, the Government had adequate justification to delay prosecuting Defendant until his state charges were resolved, and the Government has proceeded with sufficient speed in prosecuting Defendant since. In light of the foregoing, this factor weighs heavily in favor of the Government.

**(3) Defendant's assertion of his right to a speedy trial**

Defendant has filed various pro se pleadings throughout these proceedings. *See e.g.*, ECF Nos. 5, 7, 8, 9-16, 22, and 39-40. Despite defense counsel's assertion to the contrary, the majority of Defendant's pro se pleadings cannot logically be construed as asserting Defendant's right to a speedy trial. However, Defendant did make reference in his pleadings to a failure to prosecute and the Interstate Agreement on Detainers Act. *See* ECF No. 47 at 16. Even if the Court interprets Defendant's pro se references as Defendant's attempts to bring his federal charges to trial, in order to construe his pro se pleadings as liberally as possible, the Court finds that no Sixth Amendment violation has occurred. As previously discussed, even if Defendant raised his right to a speedy trial, Defendant also requested additional time to prepare his defense. Therefore, the Court considers this *Barker* factor a neutral consideration.

**(4) The prejudice to Defendant**

Defendant argues that he was primarily prejudiced in three ways: (1) he was denied assistance of counsel for five months after his April indictment was filed;

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

(2) he was prejudiced by the delay in his initial appearance because he was not able to invoke his statutory rights under the Speedy Trial Act any earlier; and (3) he suffered from anxiety and concern, which he expressed in repeated letters and filings. *See* ECF No. 47 at 13.

As the Supreme Court stated in *Doggett v. United States*, 505 U.S. 647, 654 (1992):

> We have observed in prior cases that unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including "oppressive pretrial incarceration," "anxiety and concern of the accused," and "the possibility that the [accused's] defense will be impaired" by dimming memories and loss of exculpatory evidence. *Barker*, 407 U.S., at 532[]; *see also Smith v. Hooey*, 393 U.S. 374, 377-379 [] (1969); *United States v. Ewell*, 383 U.S. 116, 120 [] (1966). Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." 407 U.S., at 532 [].

Defendant was appointed counsel before his arraignment and has had assistance of counsel at all critical proceedings in his federal cases. *See* ECF Nos. 18 and 19. Although Defendant's seventy-day trial-clock pursuant to the Speedy Trial Act was not invoked until his initial appearance, the Court has still considered the delay between April and December as it affects his Sixth Amendment right to a speedy trial. The Court finds that Defendant was not unduly prejudiced by those eight months, the majority of which Defendant spent engaged in state criminal proceedings.

Defendant states that the pre-trial delay has caused him undue anxiety and concern; however, he fails to state how this was exacerbated by the Government's

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

decision to delay proceeding with federal prosecutions until his state proceedings were completed. Most importantly, there is no evidence that Defendant's ability to prepare his defense has been hampered by any delay. Considering that the Court granted two defense motions to continue the trial date, it is more probable that delay has benefitted Defendant's ability to answer to the Government's charges. On November 28, 2016, Defendant was sentenced by the state court to twenty-four months with credit for 237 days, so to the extent that Defendant argues that he was unjustly incarcerated while awaiting federal prosecutions during the time that he was detained because of the state court proceedings, the Court rejects that argument. The Court finds that Defendant was not prejudiced by the pre-trial delay in either case number 2:16-CR-69-RMP or case number 2:16-CR-176-RMP.

**Conclusion**

In light of the foregoing, the Court finds that Defendant's Sixth Amendment right to a speedy trial has not been violated.

Accordingly, **IT IS HEREBY ORDERED THAT**:

Defendant's Motion to Dismiss, **ECF No. 47** in 2:16-CR-69-RMP (**ECF No. 32** in 2:16-CR-176-RMP), is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 11, 2017.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge