FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER ALLEN CAIN,<br><br>    Defendant. | NO: 2:16-CR-69-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

    BEFORE THE COURT is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 213. The Court has reviewed the present motion, the record, and files herein, and is fully informed.

    Defendant previously filed a motion on forms provided by the State of Washington. ECF No. 170. The Court construed the documents as a Motion to Vacate, Set Aside, or Correct the Sentence under 28 U.S.C. § 2255. ECF No. 175. The Court found that because Defendant had filed a notice of appeal for his judgment

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1

1  and sentence, ECF No. 166, that the construed § 2255 motion was premature.  ECF
2  No. 175 at 2.
3        The district court lacks authority to review successive habeas motions filed
4  without authorization from the court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C.
5  § 2244(b)(4)(A); *see also United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).
6  However, "a habeas claim that is dismissed as premature 'should be treated in the
7  same manner as a claim of a petitioner who returns to a federal habeas court after
8  exhausting state remedies.'" *United States v. Descamps*, No. CR-05-104-FVS, 2012
9  WL 3144051, at *1 n. 1 (E.D. Wash. Aug. 1, 2012) (citing *Stewart v. Martinez-*
10 *Villareal*, 523 U.S. 637, 643 (1998)) ("[I]n both situations, the habeas petitioner does
11 not receive an adjudication of his claim.").  Since this Court previously dismissed
12 Defendant's construed § 2255 motion as premature, Defendant's present motion
13 under 28 U.S.C. § 2255 is not a "second or successive" petition under § 2255(h).
14      If it plainly appears from the motion, any attached exhibits, and the record of
15 prior proceedings that the moving party is not entitled to relief, the court must
16 dismiss the motion.  Rule 4(b), Rules Governing § 2255 Proceedings for the United
17 Stated District Courts.  However, if it is not dismissed, the court must order the
18 United States attorney to respond.  *Id.*  For the reasons discussed below, it plainly
19 appears from the motion, attached exhibits, and the record of prior proceedings that
20 Defendant is not entitled to relief and dismissal is appropriate.
21

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2

**A. Failure to File a Reply Brief (Grounds 1 & 2)**

Defendant asserts that he was deprived effective assistance of counsel because counsel failed to file a reply to Defendant's Motion to Dismiss. ECF No. 213 at 6–7.

Defendant moved to dismiss both indictments: (1) ECF No. 1 filed on April 20, 2016, in case number 2:16-CR-69-RMP-1; and (2) ECF No. 1 filed on October 18, 2016, in case number 2:16-CR-176-RMP-1. Defendant sought dismissal based on an alleged violation of Defendant's rights to a speedy trial. ECF No. 47.

With respect to the first indictment filed on April 20, 2016, the Government conceded that "[t]here were approximately 7 months and 12 days from the indictment to the time the Defendant was arraigned in federal court." ECF No. 55 at 11. No reply brief followed. On May 8, 2017, the Court heard oral argument on the Motion to Dismiss. ECF No. 60 at 2.

The Court denied Defendant's Motion to Dismiss, finding that Defendant's rights pursuant to the Speedy Trial Act as well as under the Sixth Amendment had not been violated by any delay. ECF No. 62 at 2, 7 ("Although Defendant's seventy-day-trial clock pursuant to the Speedy Trial Act was not invoked until his initial appearance, the Court has still considered the delay between April and December as it affects his Sixth Amendment right to a speedy trial."). The Ninth Circuit affirmed the speedy trial issue on appeal, finding that the delay did not violate Defendant's rights under the Speedy Trial Act or Sixth Amendment. *See* ECF No. 177 at 3–4.

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 3

1    Defendant now argues that "counsel prejudice[d] the defendant by not arguing
2    on reply that the first indictment in 2:16-CR-69-RMP-1 should be dismissed" under
3    the Speedy Trial Act. ECF No. 213 at 6. However, in seeking dismissal of both
4    indictments, counsel did in fact move for dismissal of the first indictment. ECF No.
5    47. Furthermore, despite the fact that counsel did not file a reply brief, counsel
6    presented oral argument on the Motion to Dismiss. ECF No. 60 at 2. Finally, the
7    delay between the indictment filed on April 20, 2016, and the date of arraignment is
8    analyzed under the Sixth Amendment. *See* ECF No. 177 at 3 ("Our analysis under
9    the [Speedy Trial] Act focuses on post-arraignment delays, and our analysis under the
10   Sixth Amendment focuses on pre-arraignment delays.").

11   Considering that the speedy trial issue was raised on direct appeal and affirmed
12   by the Ninth Circuit, the Court finds that it is not reasonably likely that the result
13   would have been different if counsel had filed a reply brief. Accordingly, it plainly
14   appears from the motion and the record of prior proceedings that the Defendant is not
15   entitled to relief on his ineffective assistance of counsel claim based on counsel's
16   alleged failure to file a reply brief.

17   **B. Failure to Raise Deficiency of Second Indictment (Ground 3)**

18   Defendant also claims that he was deprived effective assistance of counsel
19   because counsel failed to raise the deficiency of the second indictment prior to trial.
20   ECF No. 213 at 9. Defendant argues that the second indictment filed on October 18,
21

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4

1  2016, in case number 2:16-CR-176-RMP-1, should have been a superseding

2  indictment to the first indictment filed on April 20, 2016, in this matter, case number

3  2:16-CR-69-RMP-1.

4      The indictment filed on April 20, 2016, charged Defendant with being a Felon

5  in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2),(e)

6  arising from events on or about March 6, 2016.  The indictment filed on October 18,

7  2016, in case number 2:16-CR-176-RMP-1, charged Defendant with Possession with

8  Intent to Distribute Grams or More of Actual Methamphetamine in violation of 21

9  U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), arising from events on or about March 6, 2016.

10      There is no clear prejudice to Defendant stemming from counsel's failure to

11  argue that the second indictment was deficient on the basis that it should have been

12  superseding.  Defendant does not allege any other deficiencies on the face of either

13  indictment.  Accordingly, it plainly appears from the motion that the Defendant is not

14  entitled to relief on his ineffective assistance of counsel claim for counsel's alleged

15  failure to argue that the second indictment was deficient.

16      **C. Denial of Counsel (Ground 4)**

17      Defendant asserts that he was denied counsel for approximately five months

18  and such denial violated his Sixth Amendment right to counsel.  ECF No. 213 at 10.

19      As discussed *supra*, the indictment in this case was filed on April 20, 2016.

20  ECF No. 1.  On September 19, 2016, Federal Defender Matthew Campbell filed a

21

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 5

1  notice of appearance.  ECF Nos. 18, 19.  In the interim, Defendant filed various *pro se* pleadings.  *See* ECF Nos. 5, 7, 8, 9–16, 22 and 39–40.  In moving for dismissal, Defendant argued that he was prejudiced by delay because he was unassisted by counsel for approximately five months after the April 20, 2016, indictment was filed.  ECF No. 47 at 13.  In denying Defendant's motion, the Court noted that "Defendant was appointed counsel before his arraignment and has had assistance of counsel at all critical proceedings in his federal cases."  ECF No. 62 at 7.  The Court further acknowledged that "there is no evidence that Defendant's ability to prepare his defense has been hampered by any delay."  *Id.* at 7.

Given that this Court previously has considered Defendant's arguments with respect to prejudice resulting from the five-month delay in appointment of counsel, yet found that Defendant had the assistance of counsel at all critical proceedings in his federal cases, the Court finds that Defendant's claim for relief based on the Sixth Amendment's right to counsel is without merit.

Accordingly, **IT IS HEREBY ORDERED**:  Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 213**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to Defendant.

**DATED** April 2, 2021.            *s/ Rosanna Malouf Peterson*
                                                    ROSANNA MALOUF PETERSON
                                                    United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 6