FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 2:16-CR-69-RMP-1 |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER |
| CHRISTOPHER ALLEN CAIN, | |
| Defendant. | |

BEFORE THE COURT is Defendant/Petitioner Christopher Allen Cain's Motion to Reconsider the Court's Amended Order Denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 216. The Court has reviewed the motion, the record, and is fully informed.

**LEGAL STANDARDS**

A motion for reconsideration or relief from a judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ~ 1

A motion brought pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment" and may be granted if the district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 60(b) permits litigants to request reconsideration of a final judgment, order, or proceeding entered against them. Rule 60(b) lists five circumstances that may justify reopening a final judgment—including, for example, newly discovered evidence, fraud by the opposing party, or a mistake committed by the court—and a sixth, catch-all category. The sixth ground for relief allows a court to reconsider a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

However, "Rule 60(b) does not apply to the extent it is inconsistent with the habeas rules' limitations on second or successive applications." *Mitchell v. United States*, 958 F.3d 775, 784 (9th Cir. 2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005)); *see also* Rules 9 & 12, Rules Governing Section 2255 Proceedings. In general, prisoners are limited to one petition under § 2255 and may not bring a second or successive petition unless it meets the criteria set forth in 28 U.S.C. § 2255(h). *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ~ 2

Section 2255(h) provides that such a petition cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Accordingly, when faced with a motion for reconsideration, district courts are tasked with ascertaining whether the motion is a "true" Rule 60(b) motion, or whether it is a disguised second or successive § 2255 petition subject to the requirements of 28 U.S.C. § 2255(h). *Washington*, 653 F.3d at 1059–60.

A court in the Ninth Circuit must treat the petitioner's Rule 60(b) motion as another § 2255 motion if it contains a "claim." *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). A motion brings a "claim" "if it attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. "A motion that does not challenge 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably,' is raising a 'claim' that takes it outside the purview of Rule 60(b)." *Washington*, 653 F.3d at 1063 (quoting *Gonzalez*, 545 U.S. at 532 n. 5).

/ /

/ /

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ~ 3

## DISCUSSION

The Court finds that Defendant's Motion to Reconsider should be denied because (1) it is untimely under Rule 59(e); and (2) it is an unauthorized successive § 2255 motion under Rule 60(b).

First, for purposes of Rule 59(e) consideration, the Motion to Reconsider is untimely. On April 5, 2021, the Court denied Defendant's motion seeking relief under 28 U.S.C. § 2255. ECF No. 215 (Amended Order). On May 26, 2021, Defendant moved for reconsideration, well beyond 28 days of the Amended Order. Fed. R. Civ. P. 59(e). Thus, the Motion to Reconsider is untimely under Rule 59(e). *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("[I]t makes sense to conclude that a motion for reconsideration of an order finally resolving a § 2255 petition must meet the time limits set in Rule 59(e).").

Even if the Motion to Reconsider was timely under Rule 59(e), the Court finds that Defendant has failed to establish a sufficient basis for the Court to reconsider its prior ruling denying the § 2255 motion absent newly discovered evidence, clear error, or an intervening change in the controlling law. *Wood*, 759 F.3d at 1121.

Second, for purposes of Rule 60(b) consideration, the Court finds that it lacks jurisdiction because the arguments in Defendant's Motion to Reconsider "attack[ ] the federal court's previous resolution of a claim on the merits," thereby turning it into a second or successive habeas motion. *Mitchell*, 958 F.3d at 784–85

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ~ 4

(quoting *Gonzalez*, 545 U.S. at 531). Defendant reiterates the arguments he made in his motion under § 2255 with respect to ineffective assistance of counsel and the denial of counsel predating defense counsel's Notice of Appearance on his behalf. *See* ECF Nos. 213, 216. Thus, as Defendant's arguments amount to a second or successive habeas motion, and there is no certificate of appealability for such motion, the Court must deny Defendant's Motion to Reconsider. *See, e.g.*, *Wild v. United States*, No. 15CR2771-AJB, 2020 WL 6561523, at *2 (S.D. Cal. Nov. 9, 2020).

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion to Reconsider the Court's Amended Order Denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 216**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Defendant.

**DATED** June 8, 2021.

                                       *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                       United States District Judge